UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, | ) C/A No. 3:11-365-RMG-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Insurance Holding M.P.P.D.: | ) Report and Recommendation |
| C.C.D.C. Chief Lucas; | ) |
| C.C.D.C. Tact Team; | ) |
| C.C.D.C. Reconos, State of South Carolina Atty General | ) |
| Officer; | ) |
| Nikki Haley, Governor of South Carolina, | ) |
| | ) |
| Defendants. | ) |

The Plaintiff, Christopher Odom (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is currently a detainee at the Charleston County Detention Center (CCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The named Defendants include employees of the CCDC, the State of South Carolina Attorney General, and Nikki Haley, Governor of South Carolina.[2] Having reviewed the complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed as a duplicate filing and for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Background

While Plaintiff's complaint is difficult to read[3], it appears to state the following, verbatim:

> On 2-18-98 the Plaintiff was arrested by M.P.P.D. Police Department and charge of South Carolina Code Section 16-13-110, Citation #97417AQ with a bond of $502 dollars. S.C. Insurance Holder. The Defendants under responsible authority Judge [name illegible], Chief Lucas (Nicki Haley/only because is the acting Governor as of today) and the State of South Carolina Atty General/Office F.N.U. - L.N.U. or all defendants including tact C.C.D.C. officers whom beat up Plaintiff and remove citation #97417AQ from Plaintiff possession and without Plaintiff consent. Plaintiff was illegally held in prison 9 yrs on section 16-13-110 that was dismiss ([Citation #97417AQ/16-13-110]) prior to August 5, 1998. Plaintiff request reparation/damages in the amount of $9 million dollars for relief.

ECF No. 1, page 2.

### Discussion

Plaintiff has previously brought at least three civil actions pursuant to 42 U.S.C. § 1983 in this District Court alleging that he was assaulted at the Charleston County Detention Center in 1998, where citation #97417AQ was confiscated from Plaintiff's possession. *See Odom v. FNU LNU Mt. Pleasant Police Department Insurance Policy Holder, et al.*, Civil Action No. 3:09-1941-PMD

---

[3] It is noted that the Defendant identified on the docket as Insurance Holding MPPD could also be construed as Insurance Holder MPPD and Defendant CCDC Reconos could also be construed as CCDC Records. It is unclear from the pleading whether Plaintiff intended to name the State of South Carolina Attorney General as a separate Defendant in this case. Further, Plaintiff may have intended to name a judge in this action. However, as that individual's name is illegible in the "Parties" section of the complaint, and is not listed in the complaint's caption, no such defendant appears on the docket. *See* ECF No. 1, page 1.

(D.S.C. 2009)(alleging assault at the Charleston County Detention Center and failure of the Mt. Pleasant Police Department to record dismissal of warrant #97417AQ); *Odom v. Mt. Pleasant Municipal Court*, Civil Action No. 2:08-2660-PMD-JRM (D.S.C. 2008)(asserting that citation #97417AQ had been dismissed); *Odom v. Town of Mt. Pleasant Police Department, et al.* Civil Action No. 3:05-2725-PMD (D.S.C. 2005)(alleging that officers of the Charleston County Detention Center attacked Plaintiff and confiscated his 1998 citation). Plaintiff has also filed other cases where he discusses shoplifting charges, although it is not clear whether any of those actions relate to citation #97417AQ.    This Court takes judicial notice of Plaintiff's prior related cases. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). The claims in Plaintiff's previous cases were summarily dismissed without prejudice for failure to state a claim upon which relief could be granted and/or as frivolous. The Plaintiff's present complaint is subject to summary dismissal for the same reasons.[4] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

As stated in Reports and Recommendations issued by this Court in Plaintiff's prior related cases, the instant action is time barred under the statute of limitations. In civil rights cases filed in the District of South Carolina, this Court must apply South Carolina's general personal injury statute

---

[4] The United States Court of Appeals for the Fourth Circuit has affirmed this Court's decision to summarily dismiss two of Plaintiff's previous related cases. *See Odom v. FNU LNU Mt. Pleasant Police Department Insurance Policy Holder, et al.*, No. 10-6312 (4th Cir. Aug. 2, 2010); *Odom v. Mt. Pleasant Municipal Court*, No. 09-6738 (4th Cir. Dec. 28, 2009). Plaintiff did not appeal the Court's dismissal of Civil Action No. 3:05-2725-PMD.

of limitations. *See Wallace v. Kato,* 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 48-49 (1984). South Carolina's applicable personal injury statute of limitations is codified at § 15-3-530, South Carolina Code of Laws, which establishes a three year limitations period for causes of action arising on or after April 5, 1988. Thus, the limitations period for Plaintiff to file suit for any civil rights violations that occurred in 1998 has long expired.[5]

Further, it is noted that Plaintiff names several individuals which are entitled to summary dismissal from this action in any event. For instance Plaintiff's claims against the State of South Carolina Attorney General for actions associated with the prosecution of Plaintiff's criminal case are not cognizable under § 1983, because this Defendant is protected by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Additionally, any claim Plaintiff may be attempting to a raise against the judge who presided over Plaintiff's state criminal proceedings must fail because judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Plaintiff's claims against Governor Haley would also be subject to summary dismissal, as Plaintiff provides no factual allegations against this individual. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)(a

---

[5] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading, the Court is authorized to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued. *See Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983).

plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights).

Finally, as stated above, the issues involved in the complaint sub judice have been addressed in previous civil actions filed by Plaintiff in this Court. Therefore, this duplicate §1983 complaint should also be summarily dismissed in the interests of judicial economy and efficiency.

Recommendation

Accordingly, the it is recommended that the complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process. *Plaintiff's attention is directed to the important notice on the next page.*

March 11, 2011                                Joseph R. McCrorey
Columbia, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).