IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Odom, ) | Civil Action No. 3:11-cv-365-RMG |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Insurance Holding M.P.P.D., et. al., ) | |
| Defendants. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis* as provided by 28 U.S.C. § 1915. As a result, this matter was referred to a Magistrate Judge for pre-trial proceedings. The Magistrate Judge has made a report and recommendation that this matter be dismissed without prejudice and without issuance of process. The Plaintiff has failed to object. After a review for errors of law, this Court adopts the recommendation of the Magistrate Judge.

**Analysis**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and

1

Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff has previously brought at least three civil actions pursuant to 42 U.S.C. § 1983 in this District Court alleging that he was assaulted at the Charleston County Detention Center in 1998, where citation #97417AQ was confiscated from Plaintiff's possession. *See Odom v. FNU LNU Mt. Pleasant Police Department Insurance Policy Holder, et al.*, Civil Action No. 3:09-1941-PMD (D.S.C. 2009) (alleging assault at the Charleston County Detention Center and failure of the Mt. Pleasant Police Department to record dismissal of warrant #97417AQ); *Odom v. Mt. Pleasant Municipal Court*, Civil Action No. 2:08-2660-PMD-JRM (D.S.C. 2008) (asserting that citation #97417AQ had been dismissed); *Odom v. Town of Mt. Pleasant Police Department, et al.* Civil Action No. 3:05-2725-PMD (D.S.C. 2005) (alleging that officers of the Charleston County Detention Center attacked Plaintiff and confiscated his 1998 citation). Plaintiff has also filed other cases where he discusses shoplifting charges, although it is not clear whether any of those actions relate to citation #97417AQ. This Court takes judicial notice of Plaintiff's prior related cases. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding). The claims in Plaintiff's previous cases were summarily dismissed without prejudice for failure to state a claim upon which relief could be granted and/or as frivolous. The Plaintiff's present complaint is subject to summary dismissal for the same reasons.

As in his prior actions, the instant action is time barred under the statute of limitations. In civil rights cases filed in the District of South Carolina, this Court must apply South Carolina's general personal injury statute of limitations. *See Wallace v. Kato*,

549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 48- 49 (1984). South Carolina's applicable personal injury statute of limitations is codified at § 15-3-530, South Carolina Code of Laws, which establishes a three year limitations period for causes of action arising on or after April 5, 1988. Thus, the limitations period for Plaintiff to file suit for any civil rights violations that occurred in 1998 has long expired.

Further, it is noted that Plaintiff names several individuals which are entitled to summary dismissal from this action in any event. For instance Plaintiff's claims against the State of South Carolina Attorney General for actions associated with the prosecution of Plaintiff's criminal case are not cognizable under § 1983, because this Defendant is protected by prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Additionally, any claim Plaintiff may be attempting to a raise against the judge who presided over Plaintiff's state criminal proceedings must fail because judges have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Plaintiff's claims against Governor Haley would also be subject to summary dismissal, as Plaintiff provides no factual allegations against this individual. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights).

## Conclusion

Based on the above, this Court dismisses the above-captioned action without prejudice and without issuance of process.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 31, 2011
Charleston, South Carolina

4